**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| DARREN LEWIS, on behalf of himself and all other similarly situated persons,<br><br>Plaintiff,<br><br>vs.<br><br>HENIFF TRANSPORTATION SYSTEMS, LLC; MARTHA BROWN; ABC CORPS. 1-10; and JOHN/JANE DOES 1-10,<br><br>Defendants. | Civil Action No.:<br><br>*Document filed electronically*<br><br>**NOTICE OF REMOVAL**<br><br>**[Removed from the Superior Court of New Jesey, Law Division: Mercer County Docket No. MER-L-002120-26]** |

Defendant Heniff Transportation Systems, LLC Group, Inc. ("Heniff"), pursuant to 28 U.S.C. §§ 1332(d), 1441, 1446, and 1453, submits this Notice of Removal and herby removes this case from the Superior Court of New Jersey, Law Division, Mercer County, to the United States District Court for the District of New Jersey and states as follows:

## I. INTRODUCTION

1. This is a putative class action filed in the Superior Court of New Jersey, Law Division, Mercer County, alleging violations of the New Jersey Wage Payment Law ("NJWPL"), N.J.S.A. 34:11-4.1 to -4.14, and the New Jersey Wage and Hour Law ("NJWHL"), N.J.S.A. 34:11-56a, *et seq.* arising from Plaintiff Darren Lewis's ("Plaintiff") allegations that Heniff misclassified Plaintiff and other drivers as independent contractors and engaged in unlawful payroll practices in violation of New Jersey wage laws. Compl. ¶¶ 1, 14-18, 28-33.

2. Plaintiff alleges that Heniff made unlawful deductions from his compensation, including for payments to an escrow fund, insurance, tolls, fuel, maintenance, and other expenses, in violation of the NJWPL. Compl. ¶¶ 1, 28.

3. Plaintiff further alleges that Heniff failed to pay overtime compensation in violation of the NJWHL. Compl. ¶¶ 33.

4. Plaintiff seeks unpaid wages, "treble damages and/or liquidated damages" on behalf of the putative class he seeks to represent, as well as attorneys' fees, costs, interest, and injunctive relief. Compl. ¶ 48.

5. This Court has original jurisdiction over this case under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because: (i) the proposed class consists of at least 100 members; (ii) minimal diversity exists; and (iii) the aggregate amount in controversy exceeds $5,000,000, exclusive of interest and costs.

## II. PROCEDURAL HISTORY AND STATE COURT FILINGS

6. Plaintiff filed the Class Action Complaint and Jury Trial Demand in the Superior Court of New Jersey, Law Division, Mercer County, on September 4, 2026. *See generally* Compl.

7. Pursuant to 28 U.S.C. § 1446(a), a true and correct copy of the State Court Record as of the date of this removal is attached as Exhibit A.

8. A standalone copy of the operative Complaint ("Compl.") is attached as Exhibit B.

9. The action was assigned Docket No. MER-L-002120-26.

10. Heniff was served with the Summons and Complaint on September 11, 2026, at 9:33 am. Exhibit C. Under N.J. Ct. R. 4:6-1(a), a defendant must serve an answer within thirty-five (35) days after service of the summons and complaint.

11. True and accurate copies of this Notice of Removal and its accompanying exhibits will be promptly filed with the Clerk of the Superior Court of New Jersey, Mercer County and also served upon all counsel of record in the Mercer County case.

12. Pursuant to 28 U.S.C. § 1441(a), venue is proper in this district because Plaintiff filed his original state court action in Trenton, New Jersey, which is located in this District.

## III. CAFA JURISDICTION

13. This Court has original jurisdiction under the Class Action Fairness Act because this is a putative class action in which the proposed class Plaintiff seeks to represent consists of at least 100 members, the amount in controversy exceeds $5,000,000, exclusive of interest and costs, and Plaintiff is a citizen of a state different from Heniff. *See* 28 U.S.C. § 1332(d)(2)(A). As such, this action is subject to removal under 28 U.S.C. § 1453, which provides that a class action may be removed to federal court in accordance with 28 U.S.C. § 1446.

### A. This Case is a Putative Class Action.

14. This case is a class action within the meaning of 28 U.S.C. §§ 1332(d)(2) and 1453. These statutes provide that a class action is a civil action filed under either Fed. R. Civ. P. 23 or a similar state statute or rule that authorizes one or more representative persons to maintain a class action. *See* 28 U.S.C. § 1332(d)(1)(B).

15. In this case, Plaintiff seeks certification in order to bring his claims on behalf of a proposed class he defines as "[a]ll individuals who contracted as a 'contractor,' 'independent contractor driver' or 'owner-operator' with Heniff Transportation Systems and provided truck driving services in the State of New Jersey between September 2020 through the present (hereinafter the "Putative Class Members"). Compl. ¶ 3.

### B. The Aggregate Number of Putative Class Members Exceeds 100.

16. CAFA requires that the proposed class consist of at least 100 members. 28 U.S.C. § 1332(d)(5)(B).

17. According to its business records, Heniff contracted with more than 100 individuals (or their business entities) who provided truck driving services in the State of New Jersey between September 2020 and the present. *See* Exhibit D, Declaration of Thomas Shingler (Shingler Decl.) ¶ 6.

18. Accordingly, the aggregate number of proposed class members exceeds the threshold required by CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

**C. Minimal Diversity Exists.**

19. Plaintiff alleges he "is a citizen of the State of New Jersey." Compl. ¶ 2. Heniff's business records further reflect Plaintiff maintained a New Jersey commercial driver's license during the time he contracted with Heniff, from approximately October of 2024 through May of 2026. Shingler Decl. ¶ 7. Accordingly, based on Plaintiff's own allegations and Heniff's business records, Plaintiff was and remains a citizen of New Jersey.

20. For purposes of CAFA, an unincorporated association is deemed a citizen of the State where it has its principal place of business and the State under whose laws it is organized. 28 U.S.C. § 1332(d)(10). Heniff is a foreign limited liability company organized under the laws of Illinois with its principal place of business at 2222 Camden Court, Oak Brook, Illinois 60523. Compl. ¶ 5; Shingler Decl. ¶ 4. Accordingly, Heniff is a citizen of Illinois, and minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A) because Plaintiff is a citizen of New Jersey.

**D. The Amount in Controversy Exceeds $5,000,000.**

21. Plaintiff alleges Heniff made unlawful deductions from Plaintiff's and putative class members' compensation and failed to pay overtime compensation in violation of the NJWPL and NJWHL, respectively. Compl. ¶¶ 1, 14-18, 28-33.

22. Plaintiff's claim for purported violations of the NJWPL alleges that Heniff took "unlawful deductions from Plaintiff's and the Putative Class Members' wages, including, but not limited to," deductions for escrow payments, equipment lease payments, maintenance charges, fuel tax, and fuel purchases, among other items. Compl. ¶ 28. Plaintiff seeks "all unpaid wages and underpaid wages as well as all expenses owed," treble damages under the NJWPL, and "all costs,

expenses and attorneys' fees, with appropriate fee enhancement, incurred in prosecuting this claim." Compl. ¶ 48.

23. The NJWPL provides for damages in the form of any unpaid wages plus liquidated damages in the amount of 200% of unpaid wages, attorneys' fees, and costs. N.J.S.A. § 34:11-4.10(c). Plaintiff seeks to recover allegedly unpaid wages dating back to September 2020. *See* Compl. ¶¶ 3, 38-43.

24. Heniff's records reflect that the sum of deductions taken from settlement compensation paid to putative class members with a New Jersey residence for fuel purchases, equipment lease payments, and fuel tax, from January 2021 through the present, equals approximately $3,527,451.02. That amount reflects a conservative estimate of unpaid wages Plaintiff seeks to recover, given it does not include amounts pertaining to: (1) various other categories of deductions Plaintiff seeks to recover; (2) deductions taken from New Jersey resident putative class members during the portion of the proposed class period prior to January 2021 (i.e., from September through December 2020); (3) deductions taken from independent contractors with residential addresses outside of New Jersey who performed some work in New Jersey; or (4) any amount of unpaid wages Plaintiff seeks to recover based on his overtime claim.

25. Plaintiff also seeks liquidated damages of up to 200% of unpaid wages. Compl. ¶ 48. After adding liquidated damages, Plaintiff's NJWPL claim alone therefore places at least $10,582,353.06 (i.e., $3,527,451.02 * 3) in controversy, in addition to attorneys' fees. *Id.*

26. The aggregate amount in controversy exceeds $5,000,000, and CAFA's jurisdictional threshold is therefore satisfied. *See* 28 U.S.C. § 1332(d)(2).

## IV. THE EXCEPTIONS TO THE EXERCISE OF JURISDICTION UNDER CAFA DO NOT APPLY

27. Although Plaintiff has not moved for remand, any argument that the Court should not exercise jurisdiction over this case based on application of CAFA's home-state or local controversy exceptions fails.

### A. The Home-State Exception Does Not Apply.

28. Under 28 U.S.C. § 1332(d)(4)(B), the home-state exception applies only if: (i) greater than two-thirds of the proposed class members are citizens of the forum state; and (ii) "the primary defendants" are citizens of the forum state.

29. The Third Circuit has held Congress's use of the definite article "the" requires that *all* primary defendants be citizens of the forum state. *Vodenichar v. Halcon Energy Props., Inc.*, 733 F.3d 497, 506 (3d Cir. 2013).

30. Heniff is plainly a primary defendant because the Complaint challenges Heniff's: (i) independent contractor classification model; (ii) deduction practices; and (iii) compensation structure. Compl. ¶¶ 1, 14-18, 28-33.

31. Heniff drafted the independent contractor agreements, applied the deductions at issue, and according to Plaintiff's allegations, would bear any class-wide liability for each of Plaintiff's claims.

32. Heniff is a citizen of Illinois, not New Jersey. Shingler Decl. ¶ 4.

33. Since at least one primary defendant (Heniff) is not a New Jersey citizen, the home-state exception cannot apply as a matter of law under *Vodenichar*.

### B. The Local-Controversy Exception Does Not Apply.

34. The local-controversy exception applies if: (1) more than two-thirds of the proposed class members are citizens of the forum state; (2) at least one defendant is a citizen of the

forum state from whom significant relief is sought and whose alleged conduct forms a significant basis for the claims asserted; (3) the principal injuries were incurred in the forum state; and (4) no other class action asserting similar allegations against any defendant was filed during the preceding three years. 28 U.S.C. § 1332(d)(4)(A)(i)-(ii).

35. The plaintiff bears the burden of establishing the exception. *Kaufman v. Allstate New Jersey Insurance Co.*, 561 F.3d 144, 153 (3d Cir. 2009).

36. The Third Circuit has explained that the "significant basis" requirement requires a comparative analysis of the local defendant's conduct against the conduct attributed to all defendants and asks whether the local defendant's conduct constitutes an important or notable part of the alleged wrongdoing. *Kaufman*, 561 F.3d at 156-57.

37. The Complaint alleges Brown is a New Jersey citizen and served as a terminal manager, but it does not allege *any* specific facts concerning Brown's conduct showing that Brown created, approved, or administered the companywide classification, contracting, compensation, deduction, payroll, or overtime practices challenged in this action. Compl. ¶¶ 8-9.

38. The Complaint's substantive allegations focus on companywide conduct attributable to Heniff. Compl. ¶¶ 1, 14-18, 28-33. Brown is therefore not a defendant from whom significant relief is sought or whose alleged conduct forms a significant basis for the claims of the proposed class within the meaning of 28 U.S.C. § 1332(d)(4)(A)(i)(II).

39. In addition, Heniff's records reflect that fewer than two-thirds of the putative class members are citizens of New Jersey. Shingler Decl. ¶ 9.

40. Accordingly, the local-controversy exception does not require remand.

## V. VENUE

41. Venue is proper in this District pursuant to 28 U.S.C. § 1441(a) because the action was pending in the Superior Court of New Jersey, Mercer County, which lies within the District of New Jersey.

## VI. TIMELINESS OF REMOVAL

42. Under 28 U.S.C. § 1446(b), a Notice of Removal must be filed within 30 days of the defendant's receipt of a copy of the complaint only if the case stated by the initial pleading is removable; if not, the notice of removal must be filed within 30 days after a defendant receives "a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(1), (3). The deadline for removal has not begun to run where the elements for federal subject matter jurisdiction are not established based on facts alleged in the initial pleading or another paper subsequently received by the defendant. *See McLaren v. UPS Store Inc.*, 32 F.4th 232, 238 (3d Cir. 2022). Here, neither the Complaint nor any other paper received by Heniff since the Complaint's filing includes facts establishing either the amount placed in controversy by Plaintiff's claim, or the size of the putative class. Accordingly, the deadline for removal has not been triggered, and this Notice is timely. *Id.*

## VII. NOTICE TO STATE COURT AND PARTIES

43. Pursuant to 28 U.S.C. § 1446(d), Heniff is contemporaneously filing a Notice of Filing of Notice of Removal in the Superior Court of New Jersey and serving all counsel of record. A true and correct copy of the Notice of Filing of Notice of Removal is attached as <u>Exhibit E</u>.

## VIII. RESERVATION OF RIGHTS

44. By filing this Notice of Removal, Heniff does not waive, and expressly reserves, all defenses, objections, and rights available to it, including but not limited to any defenses under Federal Rule of Civil Procedure 12, objections to personal jurisdiction, challenges to venue,

challenges to class certification, substantive defenses to Plaintiff's claims, and any contractual or arbitration-based defenses that may apply. Removal is not intended as, and shall not be construed as, a waiver of any such defenses.

## IX. CONCLUSION

45. For the foregoing reasons, this Court has original jurisdiction over this action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d). The minimal diversity, numerosity, and amount in controversy requirements are satisfied, and no CAFA exception applies. Accordingly, Defendant Heniff Transportation Systems, LLC respectfully removes this action to the United States District Court for the District of New Jersey.

Date: October 16, 2026

Respectfully submitted,

*/s/ Dylan C. Goetsch*

Dylan C. Goetsch
SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, P.C.
30 West Monroe Street, Suite 1600
Chicago, IL 60603
T: (312) 255-7200
dgoetsch@scopelitis.com

*Attorney for Defendant Heniff Transportation Systems, LLC*

4920-7195-7975,